In re:

AWA FABRICATION AND
CONSTRUCTION, LLC,

Case No. 13-10932

    Debtor.

A. WAYNE ARMSTRONG and
LAWRENCE ARMSTRONG,

    Plaintiffs,

v.

Adv. Pro. No. 18-1126

UNITED STATES OF AMERICAN,

    Defendant.

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for hearing on December 18, 2018, on the Motion to Dismiss filed by Defendant United States of America. (Doc. 8). Plaintiffs A. Wayne Armstrong and Lawrence Armstrong were present by counsel Collier H. Espy, Jr., and the United States was present by Trial Attorney Lynne M. Murphy. For the reasons set forth below, the motion is granted and this Adversary Proceeding is dismissed with prejudice.

## I. Facts

AWA Fabrication and Construction, LLC, (Debtor) filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code on May 30, 2013. (13-10932, Doc. 1). On November 19, 2013, AWA filed a motion to convert its Chapter 11 case to a case under Chapter 7, stating that it was in the Debtor's best interests to do so. (13-10932, Doc. 63). On December 18, 2013, the Court granted the motion without objection. (13-10932, Doc. 71). This case has remained under Chapter 7 since that time. This Chapter 7 case has been fully administered, except for the matter raised by the Plaintiffs in this Adversary Proceeding. (13-10932, Doc. 208).

On March 5, 2018, Plaintiffs A. Wayne Armstrong and Lawrence Armstrong, the sole shareholders of AWA, filed a "Motion to Allow Administrative Distribution for FICA and Medicare Associated with BP Claim Recovery." (13-10932, Doc. 189). In that Motion, the Plaintiffs argue that they should be given money out of the Chapter 7 estate in this case to compensate them for an anticipated tax liability, which they claim will arise as a result of a distribution of settlement funds to the Debtor out of the BP settlement.[1] At the hearing on that motion, the Court advised that it would not entertain the motion until the Plaintiffs' tax liability was put in issue.

---

[1] On April 20, 2010, a massive oil spill occurred in the Gulf of Mexico, which came to be called the Deepwater Horizon oil spill. The oil spill resulted in several class actions suits, one of which generated a settlement payment that was received by the estate. The Court's records indicate that the estate received $326,201.13 on March 3, 2017. (13-10932, Doc. 208). This will be referred to as the BP settlement funds.

Case 18-01126    Doc 17    Filed 01/04/19    Entered 01/04/19 14:36:28    Desc Main
Document      Page 2 of 7

In response to this Court's refusal to consider the motion, Wayne and Lawrence Armstrong filed a complaint which initiated this Adversary Proceeding. (Doc. 1). They allege that an accountant has advised them that the estate's receipt of the BP settlement funds will result in a tax liability to them. (Doc. 1). The Plaintiffs further argue that the tax liability should be the debt of the corporation and that any attribution of a tax liability to them would be "wholly inequitable." (Doc. 1, para. 12-13). Plaintiffs seek a determination, citing 11 U.S.C. § 505,[2] that no taxes are owing by them as a result of the distribution of the BP settlement funds. While the complaint is silent on this point, based upon comments made by counsel at several hearings on these matters, it appears that the Debtor is a Subchapter S corporation and that certain tax attributes of the Debtor corporation will pass through to its shareholders (i.e. the Plaintiffs). *See*

---

[2] Section 505(a) provides as follows:

> (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
> (2) The court may not so determine--
> (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;
> (B) any right of the estate to a tax refund, before the earlier of--
> (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or
> (ii) a determination by such governmental unit of such request; or
> (C) the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired.

*Mourad v. Commissioner of Internal Revenue*, 387 F.3d 27 (1st Cir. 2004)(Holding that the filing of a petition in bankruptcy does not terminate a Subchapter S election and that income of the corporation passes through to the shareholders for tax purposes).

## II. Law

**This Court lacks subject-matter jurisdiction to hear this proceeding as it involves only the tax liabilities of nondebtor shareholders and not the tax liability of the Debtor corporation**

The United States moves to dismiss the complaint, contending that this Court lacks subject-matter jurisdiction to determine the tax liabilities of nondebtor shareholders, where there will be no effect upon the Debtor's tax liability. (Doc. 8). The United States cites *United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1549 (11th Cir. 1986). Examination of that case shows that it is dispositive here.

In *Huckabee*, a debtor filed bankruptcy after having failed to pay over to the Government the withholdings taxes on the wages of its employees. The Internal Revenue Service assessed a penalty against the shareholders of the debtor pursuant to 26 U.S.C. § 6672. Section 6672 is a collection device which makes responsible persons liable for employee withholdings taxes when an employer fails to pay over the withholdings taxes to the Internal Revenue Service. The corporate employer in *Huckabee* filed bankruptcy and submitted a Chapter 11 Plan under which the Debtor proposed to pay the employment taxes. The nondebtor shareholders in *Huckabee* obtained an injunction from the Bankruptcy Court, enjoining the collection of the penalty from the shareholders. The Eleventh Circuit reversed, holding that:

-4-

> The jurisdiction of the bankruptcy courts encompasses determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws. It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code. It is therefore irrelevant that the penalty, if assessed, will adversely affect the corporate debtor's reorganization. Accordingly, we conclude that the separate tax liabilities of the Huckabees were outside the scope of the bankruptcy court's jurisdiction.

*Id.*

The Eleventh Circuit's ruling in *Huckabee* is dispositive here. The Plaintiffs seek a determination of their own tax liablities and not the liability of Debtor. This Bankruptcy Court's subject-matter jurisdiction does not extend that far. *Id., see also American Principals Leasing Corp. v. United States*, 904 F.2d 477, 480 (9th Cir. 1990)(stating that "despite section 505's broad language, 'virtually all the courts which have considered the issue most recently concluded that § 505(a) does not extend the bankruptcy court's jurisdiction to parties other than the debtor.'"citing *In re Brandt Airflex Corp.*, 843 F.2d 90, 95 (2nd Cir. 1988); *see also United States v. Heller Healthcare Fin., Inc. (In re Numed Home Health Care, Inc.)*, No. 00-16984, 2002 WL 1058087 (Bankr. M.D. Fla. 2002); *United States v. McAuley*, 101 B.R. 306 (M.D. Fla. 1989). Because the Plaintiffs seek a determination of their individual tax liabilities, and not the liability of the Debtor corporation, this Court lacks subject-matter jurisdiction.

In *Huckabee*, the Court recognized that there was a relationship between the penalty assessed against the responsible person and the debt of the corporation. If the employer corporation had paid the taxes, there would be no penalty imposed upon the responsible person. Moreover, if a penalty is assessed pursuant to § 6672 and the corporation later pays the related withholding taxes, the penalty is abated. Notwithstanding this relationship between employment

taxes and the § 6672 penalty, the Eleventh Circuit in *Huckabee* held that the Bankruptcy Court erred in taking up the matter of the nondebtor's tax liability.

The relationship between the Plaintiffs' tax liability and the Debtor here is, if anything, more tenuous than the relationship in *Huckabee*. Because the Debtor in this case is a Subchapter S corporation, it does not have a liability for Federal Income Taxes. The tax liability here is solely that of the shareholders (i.e. the Plaintiffs). As tax attributes of a Subchapter S corporation pass through to the shareholders, any tax liability is, quite simply, not the corporation's problem.

The purpose of § 505 of the Bankruptcy Code is to make clear that a Bankruptcy Court may determine a tax liability of a debtor. *In re Custom Dist. Svcs., Inc.,* 224 F.3d 235, 239-40 (3rd Cir. 2000)(stating that the purpose of § 505 is to determine tax claims against the estate). As tax liabilities are frequently significant and because many tax liabilities are entitled to priority under the Bankruptcy Code, the determination of a tax liability will frequently have a significant impact upon distributions to creditors in bankruptcy cases. Allowing Bankruptcy Courts to determine tax liabilities will facilitate distribution to creditors under bankruptcy processes. In the case at bar, the determination of the Plaintiffs' tax liabilities will have no effect upon distribution. Therefore, there is no reason to determine the Plaintiffs' tax liabilities here.

The Plaintiffs oppose the Government's Motion to Dismiss and contend that this Court has jurisdiction, citing *Otte v. United States*, 419 U.S. 43, 95 S.C. 247 (1974). (Doc. 14). Examination of the Supreme Court's decision in *Otte,* reveals that it does not support the Plaintiffs' argument here. *Otte* stands for the proposition that when employees file claims for prepetition wages in a bankruptcy proceeding, the United States has a priority claim for the

related withholding taxes. *Otte* does not, in any way, support the Plaintiffs' argument that this Court has subject matter jurisdiction here. That *Otte* involves taxes, and this case involves taxes, does not support the Plaintiffs' argument that this Court has subject matter jurisdiction. Indeed, *Otte* says nothing about the determination of the tax liability of a nondebtor. The salient point here is that a Bankruptcy Court does not have subject-matter jurisdiction to determine the tax liability of a person who is not in bankruptcy. The rule of *Huckabee* is not undercut by the Supreme Court's ruling in *Otte*.

### III. Conclusion

Bankruptcy Courts have jurisdiction to determine tax liabilities of debtors, but not those of persons who have not filed bankruptcy. As the Plaintiffs have not filed bankruptcy, this Court is without subject-matter jurisdiction to hear this matter. For this reason, the Plaintiffs' complaint will be dismissed by way of a separate order.

January 4, 2019.

> William R. Sawyer
> Chief U.S. Bankruptcy Judge